# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

ZIMMER v. STATE.

Ohio Appeals, 4th Dist., Pickaway Co.

Decided Apr. 26, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

1231. VENUE—883. Parent & Child—333. Criminal Law.

In action against father for unlawfully neglecting and refusing to provide for minor child, venue must be proven or judgment of conviction will be reversed.

Father cannot be guilty until such time as he knows of existence of such child.

Error to Common Pleas.
Judgment reversed.

L. P. Henderson, Columbus, for Zimmer.
E. A. Brown, Pros. Atty., Circleville, for State.

FULL TEXT.

MAUCK, J.

Wheeler Zimmer was tried and found guilty of violating Section 13008 G. C. in that on July 29, 1927, and continuously until October 5, 1927, at Pickaway County he did unlawfully neglect and refuse to provide an illegitimate son with necessary home, food, etc. He was found guilty and now prosecutes error from the judgment of the trial court sentencing him to the state reformatory.

Complaint is made of the reception of certain testimony, notably Dr. Taylor's testimony as to what the prosecuting witness told the doctor about the child's parentage in the absence of the defendant. While it appears that error did intervene in the particular mentioned and perhaps elsewhere in the record no exceptions were taken thereto and there is nothing in that respect to review.

The only exception taken in the case was a general exception to the charge. The charge contained no error of which the plaintiff in error can justly complain. It was confined to a definition of the issues and did not undertake to lay down any further legal principles. The defendant asked for nothing further and can not be heard in complaint of any omissions which he did not undertake to have supplied.

The record shows that the contest before the jury was so strenuous on the question of whether the defendant was the father of the child that other issues were not only subordinated but wholly overlooked. That issue was a close one and a reversal is urged on the weight of the testimony on that issue. While in our judgment the state made as weak a case on that issue as could be tolerated we are not prepared to say that the verdict of the jury was clearly wrong on that issue.

Assuming that the defendant was adequately proved to be the child's father it was incumbent upon the state to show that the defendant neglected or refused to support the child in Pickaway County. The state makes no claim that the defendant refused such support but does claim that he neglected to do so. The child was born July 29. The defendant was arrested upon a justice's warrant August 11. There is no evidence that the defendant had neglected supporting the child at the time of his arrest for up to that time he was ignorant of the child's birth. He could not have been negligent in the performance of a duty where he was ignorant of the fact creating the duty.

Under a statute making it an offense to fail to support the Supreme Court of Colorado said:

"Under acts 1911, p. 527, one can not willfully fail to support a minor child unless he knows of its existence." Martin v. People, 155 Pac. 318.

The Supreme Court of this state has said of Section 13008 G. C.:

"The purpose of the legislation is to provide support and to punish where it is wilfully withheld." Seaman v. State, 106 O. S. 177, 189.

Until August 11, therefore, the defendant was not charged with the support of the child because he was ignorant of its existence. After that date he did know of its existence and was, if he was its father and able so to do, bound to support it. The indictment covers the period from July 29 to October 5 and consequently covers the period after the defendant had the required knowledge. The testimony, however, does not show that the child was a resident of Pickaway County from August 11 to October 5 or any part of that time. It tends to show that the child was born "at the Arnold school house" (Record, page 2); "at the Arnold school house this side of New Holland" (page 60) "at the home of Edward Johnson." Mr. Johnson shows that this was in Pickaway County where he was then living. At the time of the trial the parties mentioned were living in Ross County (page 4). There is no other testimony relating to venue and not a word to indicate the residence of the child during the period when the accused was charged with knowledge of its existence. The verdict is contrary to law in the particular pointed out.

The judgment is reversed and the case remanded for new trial.

(Middleton, P. J., and Thomas, J., concur.)